At the United States District Court, Eastern District of New York; 100 Federal Plaza, Central Islip, New York 11722, on the 13th day of March, 2008.

Present:     HON. LEONARD D. WEXLER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x     **ORDER**
ERIN HOGAN, an Infant, by her m/n/g MARJORIE
HOGAN and MARJORIE HOGAN, Individually,
                                                                          06 CV 3149 (LDW)
                                    Plaintiffs,

        -against-

CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE,

                                    Defendants.
-----------------------------------------------------------------X

Upon reading and filing the affidavit of MARJORIE HOGAN, as Parent and Natural Guardian of the infant plaintiff, ERIN HOGAN, herein duly sworn to the 12th day of Febraury, 2008, the affirmation of Dr. Sirota, M.D., dated February 4, 2008, the affirmation of Jeffrey A. Guzman, Esq., attorney for petitioners, duly affirmed the 22th day of February, 2008, and it appearing that the infant is, at the time of the signing of the attorney's affirmation, sixteen (16) years of age, having been born on July 21, 1991, the infant, the parent and the attorney having appeared before this court and it appearing that the best interests of the said infant would be served,

NOW, on motion of KRENTSEL & GUZMAN, LLP, attorneys for the infant plaintiff herein, it is

ORDERED, that MARJORIE HOGAN, be and is hereby empowered and authorized to settle the action of the infant plaintiff for the aggregate sum of **Twenty One Thousand Dollars**

settle the action of the infant plaintiff for the aggregate sum of **Twenty One Thousand Dollars ($21,000.00)** be paid by CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE, and it is further

ORDERED, that out of the said sum the Respondents are authorized and directed to pay to KRENTSEL & GUZMAN, LLP, attorneys for the infant plaintiff herein, the sum of $9238.14 ~~$3,397.21~~ as and for their legal fee, which shall be inclusive of all fees and disbursements; and it is further

ORDERED, that the balance of **$11,761.86** be paid to and received by MARJORIE HOGAN, the Parent and Natural Guardian of ERIN HOGAN, with an officer of **COMMERCE BANK**, located at 2549 Hempstead Turnpike, East Meadow, New York 11554, and shall be deposited in a Time Deposit or Certificate of Deposit Account as Provided hereinafter. Said funds shall be deposited in the above bank in the name of MARJORIE HOGAN, as Parent and Natural Guardian for the sole use and benefit of the infant, ERIN HOGAN in AN INSURED account paying the HIGHEST RATE OF INTEREST AVAILABLE, subject to the further order of this Court until the infant reaches the age of 18 years; and it is further

ORDERED, that the aforesaid time deposit or certificate of deposit account shall be continuously renewed upon maturity at the highest rate of interest then available, except that the date of maturity shall not extend beyond the infant plaintiff's eighteenth birthday, and when no such time deposit or certificate of deposit account is available, the accumulated funds shall then be placed in the bank's highest interest account, and it is further

ORDERED, that there shall be no right of withdrawal from any of the aforesaid bank accounts, until the infant plaintiff's eighteenth (18) birthday, except upon further order of this Court, which shall be certified by the Clerk of the Court, and it is further

ORDERED, that the filing of a bond is dispensed with and that conditioned upon compliance with the terms of the Order the Parent, MARJORIE HOGAN, be and she is hereby authorized to execute and deliver a general release and any other instrument necessary to effectuate the settlement herein.

ENTER

~~J.S.C.~~ USDJ.
CENTRAL ISLIP, NY
3/13/08

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x **PARENT'S AFFIDAVIT**

ERIN HOGAN, an Infant, by her m/n/g MARJORIE
HOGAN and MARJORIE HOGAN, Individually, 06 CV 3149 (LDW)

                Plaintiffs,

    -against-

CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE,

                Defendants.
-------------------------------------------------------------------x

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF KINGS      )

    MARJORIE HOGAN, being duly sworn, deposes and says:

    The application of MARJORIE HOGAN, for leave to settle the claim of ERIN HOGAN, respectfully shows and alleges:

    1.    That I am the Parent and Natural Guardian of ERIN HOGAN, an infant under the age of 18 years having been born on July 21, 1991.

    2.    That I reside with said infant at 57 Schoolhouse Road, Levittown, New York, 11756.

    3.    That at the time of the signing of this affidavit the infant plaintiff, my daughter, ERIN HOGAN, is a 16 year old girl who was injured on August 11, 2003. At that time, ERIN HOGAN was caused to be injured, due to a dangerous and defective condition caused and created by the negligence of defendant, Claire's Stores, Inc.. The defendant was careless in piercing the infant plaintiff's ear. The defendant failed to use safe, clean and sanitary instrumentalities and failed to make said piercing in a safe and reasonable manner. As a direct and sole result of said incident, my daughter suffered injuries which required, medical treatment.

No other cause of action arose as a result of this occurrence.

4. On or about **April 19, 2006**, on behalf of my daughter, I retained the law office of KRENTSEL & GUZMAN, LLP, attorneys duly authorized to practice in the Courts of the State of New York, pursuant to a retainer agreement whereby said attorney was to receive contingent fee of one third of the total recovery, less disbursements, whether by suit, settlement or otherwise of the sum recovered by way of settlement or verdict. of any moneys recovered in this action.

5. Right before commencement of trial, the defendants CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE, had offered Twenty One Thousand ($ 21,000.00) Dollars and No Cents to settle the above claim.

6. I understand that it is likely that defendant would have prevailed at time of trial on liability and therefore an offer of Twenty One Thousand ($21, 000) Dollars is wholly reasonable. Also, I understand that there were serious issues with proving causation in my daughter's case. I firmly believe the proposed settlement is fair and equitable and it should be accepted in the best interests of my daughter. ***This is also particularly so as my daughter has recovered well from her injuries.***

7. I am aware of the time and effort expended by my daughter's attorneys in this case. I consent that this Court allow compensation to the attorneys for their services rendered in accordance with the Retainer Agreement which I executed. Accordingly, I respectfully pray that the Court permit payment of attorney's fees and disbursements in the following amounts:

| | |
|---|---|
| SETTLEMENT SUM............................... | $ 21,000.00 |
| ATTORNEY DISBURSEMENTS.............. | $ 3,357.21 |
| NET RECOVERY....................................... | $ 17,642.79 |
| ATTORNEY'S FEE..................................... | $ 5,880.93 |
| BALANCE TO INFANT............................ | $ 11,761.86 |

No other reimbursements have been received other than as herein stated.

8. **That all medical bills in connection with the accident which is the subject of this litigation have been paid in full through my health care insurance company and that there are no remaining medical bills and no liens against my daughter's claim.**

9. **The infant herein was treated at New York Presbyterian Hospital, Winthrop University Hospital and with Dr. Sirota.**

10. I hereby waive my claim for loss of services.

11. No previous application for the relief herein has been made.

*WHEREFORE*, the deponent respectfully asks for an order approving the proposed settlement, authorizing the settlement of this claim and releasing CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE, from further liability to the infant, and for such other and further relief as may be just, proper and equitable.

_____
MARJORIE HOGAN as m/n/g
of ERIN HOGAN

*STATE OF NEW YORK, COUNTY OF NEW YORK*                ss.:

On the 12th day of Feb, 2008 before me, the undersigned, a notary public in and for said State, personally appeared __MARJORIE HOGAN as m/n/g of ERIN HOGAN__ personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of the individual(s) acted, executed the instrument.

_____
*Notary Public*

IRENE M. MARANGI
Notary Public, State of New York
No. 01MA5017379
Qualified in New York County
Commission Expires August 30, 2009

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ERIN HOGAN, an Infant, by her m/n/g MARJORIE
HOGAN and MARJORIE HOGAN, Individually,

                                *Plaintiff(s)*,        06 CV 3149 (LDW)

**ATTORNEY AFFIRMATION**

-against-

CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE,

                              *Defendant(s)*.
-----------------------------------------------------------------X

      Jeffery A. Guzman, an attorney at law, duly authorized to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

      1.    I am a member of KRENTSEL & GUZMAN, LLP, the attorneys of record for the infant herein, and as such I am fully familiar with the facts and circumstances heretofore had herein. On January 26, 2005, KRENTSEL & GUZMAN, LLP, was retained by MARJORIE HOGAN, the parent and Natural Guardian of ERIN HOGAN, an infant, under a retainer agreement whereby the firm, pursuant to a retainer agreement whereby said attorney was to receive contingent fee of one third of the total recovery, less disbursements, whether by suit, settlement or otherwise of the sum recovered by way of settlement or verdict. of any moneys recovered in this action.

      2.    A statement of the retainer was filed with the Office of Court Administration.

      3.    Upon being retained, this office contacted CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE and their respective insurance companies, to inform them that KRENTSEL & GUZMAN, LLP, represented ERIN HOGAN, in a claim he proposed to make against them for personal injuries.

      4.    Upon information and belief the accident which is the subject of the within

litigation occurred when the infant plaintiff, now a 16 year old female, was injured in an accident on August 11, 2003 as a result of negligent, careless in piercing infant plaintiff's ear. The defendants failed to use safe, clean and sanitary instrumentalities and failed to make said piercing in a safe and reasonable manner. That the Plaintiff, ERIN HOGAN, received medical treatment **at New York Presbyterian Hospital and Winthrop University Hospital.** See copy of hospital records annexed hereto Exhibit 1. As a sole result of said accident, the infant, ERIN HOGAN, sustained trauma and injuries including: No other cause of action arose as a result of this occurrence.

5. The sums payable are as follows:

| | |
|---|---|
| SETTLEMENT SUM................................ | $ 21, 000.00 |
| ATTORNEY DISBURSEMENTS............... | $ 3, 357.21 |
| NET RECOVERY....................................... | $ 17, 642.79 |
| ATTORNEY'S FEE.................................... | $ 5, 880.93 |
| BALANCE TO INFANT............................ | $ 11, 761.86 |

See list **of disbursements annexed hereto as Exhibit 4.**

**6. Following the accident the infant Plaintiff was treated at New York Presbyterian Hospital and Winthrop University Hospital. See copies of the medical records attached hereto as Exhibit 1.**

7. As the insurance carrier has offered counsel the aggregate amount of $ 21, 000.00 to settle the above matter on behalf of the infant Plaintiff the instant petition is brought to the Court. See copy of the letters of tender, as well as waiver of appearance at the infant's compromise hearing annexed hereto, as Exhibit "3".

8. I recommend the proposed settlement for several reasons: 1) in my opinion, the aforesaid amount fair and equitable; 2) any recovery at trial would certainly amount to less as the

disbursements/trial expenses would far exceed any deficit between the defendant offer and a possible total policy recovery; 3) defendant will likely prevail on a summary judgment motion, on liability, and no recovery will be had against them; 4) any recovery at trial will likely be for either the same amount or quite possibly less money; and, finally, 5) by settling his claims now, the infant plaintiff can begin to realize interest payments on his settlement for nearly the next eight (8) years until she reaches the age of majority.

9. I recommend the proposed settlement to the plaintiff in light of the following facts: trial by jury is inherently unpredictable and serious questions of fact exist as to negligence and causation. Additionally, near maximum medical improvement has been achieved and a reasonable amount has been offered by the defendants.

10. The following is a list of the services rendered and performed by this office on behalf of petitioners herein:

- extensive interview of the Plaintiff and her mother;
- Investigation of the facts and circumstances surrounding the claim;
- telephone calls and drafting of correspondence to Kings County Hospital Center, to obtain the infant's hospital and medical records;
- telephone calls and drafting of correspondence to Alliance Medical Office to obtain the infant's hospital and medical records;
- telephone calls and drafting of correspondence to Damadian MRI, to obtain the infant's hospital and medical records;
- drafting of correspondence to Insurance Company;
- receipt and review of the hospital records;
- numerous telephone conferences with infant's parent;
- Preparation and service of settlement package;
- negotiation of settlement;
- draft and filing of summons and complaint;

- arranging for service of process upon the defendants

- completing and serving the bill of particulars;

- drafting and serving responses to defendant's demands for discovery and inspection

- drafting and serving Plaintiff's own combined demands upon defendant

- drafting and serving Plaintiff's demand for a verified bill of particulars as to affirmative defenses upon the defendant

- multiple telephone conferences with counsel for the defendant

- attendance at the Court's Preliminary Conference

- drafting and serving compliance with the Court's Preliminary Conference Order;

- drafting extensive correspondence to the client's mother;

- drafting correspondence to defendant's counsel;

- drafting and serving three (3) motions to strike defendants' answer;

- oral argument of three (3) motions to strike defendants' answer;

- extensive legal research of motion to consolidate;

- drafting and serving motion for consolidation and joint trial;

- oral argument motion for consolidation and joint trial;

- preparation of clients for deposition questions;

- defense of Plaintiff's deposition;

- preparation of client for defendants' medical examination;

- attendance with client at defendants' medical examination;

- preparation of file memorandum following defendants' medical examination;

- multiple office conferences amongst attorneys regarding Plaintiff's claims;

- telephone calls to Court;

- extensive negotiations of settlement with defendant attorneys;

- preparation of written application to compromise;
- will attend compromise proceeding;
- will prepare closing papers.
- numerous meetings with client,

11. KRENTSEL & GUZMAN, LLP neither directly nor indirectly has become concerned in the settlement of this action at the instance of a party or person opposing or with interests adverse to the infant, nor received nor will receive any compensation from such party.

12. KRENTSEL & GUZMAN, LLP does not represent any other person asserting a claim arising from the same occurrence.

13. I ask that the Court allow KRENTSEL & GUZMAN, LLP, the sum of $ 5, 880.93 as attorney fees and for professional services rendered to the infant and $ 3, 357.21 as disbursements based on an aggregate settlement amount of $ 21, 000.00, which I submit is reasonable under the circumstances herein. See copy of said disbursement list annexed hereto as Exhibit "4".

14. No previous application for the relief herein prayed for has been made.

Dated: New York, New York
February 22, 2008

_____
Jeffrey A. Guzman, Esq. (6573)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ERIN HOGAN, an Infant, by her m/n/g MARJORIE
HOGAN and MARJORIE HOGAN, Individually,

                                          *Plaintiff(s)*,        06 CV 3149 (LDW)

**PHYSICIAN'S AFFIRMATION**

    -against-

CLAIRE'S STORES, INC. d/b/a CLAIRE'S BOUTIQUE,

                                             *Defendant(s)*.
---------------------------------------------------------------X

Dr. Sirota , MD, duly licensed to practice medicine in the State of New York, being duly sworn deposes and says the following under the penalty of perjury:

1. I have examined the infant plaintiff in this matter on _LAST - 9/5/06_.

2. I maintain an office at _260 W. Sunrise Highway, Ste 303_ and I am board certified to render medical care; my specialty _Plastic Surgery_.

3. Upon information and belief the infant plaintiff is presently a sixteen (16) year old female ~~who sustained injuries on August 11, 2003, as a result of negligence in piercing the infant plaintiff's ear. The defendants failed to use safe, clean and sanitary instrumentalities and failed to make said piercing in a safe and reasonable manner~~.

4. I reviewed the infant plaintiff's medical records and examined the infant plaintiff. My examination revealed that the infant plaintiff has RECOVERED with the following reservation: ~~None.~~ _Scarring + Deformity of Left Ear_

5. It is my opinion that the patient will not make any further recovery from the injuries which she sustained on August 11, 2003. _Unless pursues Surgical Revision_.

6. I make this assessments with a reasonable degree of medical certainty.

7. I have not been nor do I expect to be paid directly or indirectly by the Defendant, or by anyone who has an interest adverse to the infant plaintiff, OTHER THAN MEDICAL CARE.

Dated:  New York, New York
        Feb. 4, 2008

_____
, M.D.
Board Certified in ~~Internal Medicine~~ Plastic Surgery